

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Walter C. Strong, Member
Board of Pardons and Paroles
Austin, Texas

Dear Sir:

Opinion No. 0-3648-A
Re: Interpretation of our
Opinion No. 0-3648

This will acknowledge receipt of your letter of
September 5, 1941, wherein you desire to know the proper in-
terpretation of that part of our Opinion No. 0-3648, reading
as follows:

"As stated before, while the relator may not
have forfeited the extra time for good conduct
and overtime work allowed which he had earned up
to his release on the conditional pardon, he is
not entitled to receive as a credit on his four-
year sentence, the one year, one month and six-
teen days that he was at large on the conditional
pardon. The same length of time remained to be
served by relator on June 20, 1940, as on May 4,
1939."

In said opinion we passed on two points.

The quoted portion, set out hereinabove, states both
of the two points ruled on by said opinion. The first point
is summarized in the first four lines, reading as follows:

"As stated before, while the relator may not
have forfeited the extra time for good conduct
and overtime work allowed which he had earned up
to his release on the conditional pardon, * * *."

This first point, therefore, merely states that under
the facts submitted to us in the Virgil Bounds case, which are
set out in said opinion, the penitentiary authorities did not
have the right, at the time the relator (Virgil Bounds) was re-
turned to the penitentiary, to forfeit any of the overtime and

Honorable Walter C. Strong, Page 2

commutation earned by said Virgil Bounds prior to his discharge on the conditional pardon. Our reasons for so holding on that part of our opinion, are fully set out on Page 1 to the middle of Page 8 of said opinion.

The second point ruled on by us in said opinion is summarized in the last six lines of the quoted portion, reading as follows:

" * * * he (relator, Virgil Bounds) is not entitled to receive as a credit on his four-year sentence, the one year, one month and sixteen days that he was at large on the conditional pardon. The same length of time remained to be served by relator (Virgil Bounds) on June 20, 1940, as on May 4, 1939."

It appears from your letter that this second point is the part which you desire to have interpreted.

In this second part of said opinion, we merely hold that from the particular language used in Proclamation No. 32558, granting said Virgil Bounds a conditional pardon, and No. 1603, revoking said conditional pardon, and from the other facts furnished us, which are quoted in said opinion, the one year, one month and sixteen days that Virgil Bounds was at large on his conditional pardon, could not be credited on his four-year sentence.

This second point is covered in our Opinion No. 3648, beginning with the middle of Page 8 through Page 10 of said opinion.

In determining the question of whether Virgil Bounds should be entitled to credit on his four-year sentence of the one year, one month and sixteen days he spent at large on his conditional pardon, we must look to the language of the proclamation granting and revoking his conditional pardon and determine whether such proclamation stated that he should be entitled to credit on his four-year sentence of the time he spent outside the penitentiary on his conditional pardon.

Whether to give him credit or not, was a matter to be determined by the Governor, on the recommendation and advice of the Board of Pardons and Paroles. Whether he is entitled to be given credit, therefore, must be determined from the language used in said proclamation.

In our Opinion No. O-3648, on this second point, we merely held that from the language used in Proclamation No. 32558, granting said Virgil Bounds said conditional pardon, and No. 1603, revoking said conditional pardon, and from the other facts furnished us, all of which are quoted in said opinion, it is shown that one of the conditions under which such pardon was granted, was, that should Virgil Bounds violate any of the other conditions under which the pardon was granted (such as totally abstaining from the use of intoxicating liquors), the pardon could be revoked and "the said Virgil Bounds may be, by order of the Governor, returned to and confined in the penitentiary until the end of his sentence," and that, therefore, the one year, one month and sixteen days could not be credited on his sentence, but that he had to serve the same length of time that remained unserved on his four-year sentence when he accepted the pardon on these conditions, on May 4, 1939.

Under the facts upon which said opinion is based, we determined that Virgil Bounds was granted a pardon by the Governor--subject to certain conditions, or strings, attached; in other words, that he was granted a form of executive clemency commonly known as a conditional pardon, by authority of Article 4, Section 11, Constitution of Texas, as adopted November 3, 1936.

Bounds accepted the pardon on the further condition that should he violate any of the other conditions imposed, he could be returned to the penitentiary and confined in the penitentiary--for how long? The proclamation states "until the end of his sentence."

The facts upon which said opinion is based, further show that the Governor, by Proclamation No. 1603, dated June 20, 1940, revoked said conditional pardon because of the violation of the conditions upon which it was granted. The revocation also directs that: "the prison authorities are

Honorable Walter C. Strong, Page 4


hereby directed to take him in charge and return him to the penitentiary to serve the remainder of his sentence."

By "remainder of his sentence" is necessarily meant, the remainder of his original sentence, as that is the only sentence he was under, as far as the said Proclamations are concerned.

As stated at Page 8 of said opinion, "where a prisoner has accepted a conditional pardon and has been released from imprisonment by virtue thereof, but has violated or failed to perform the conditinns, or any of them, the pardon becomes void, and the criminal may thereupon be rearrested and compelled to undergo the punishment imposed by his original sentence, or so much thereof as he had not suffered at the time of his release; and the time during which the convict is at large under a conditional pardon is not to be considered as time served on the original sentence."

As hereinabove shown, the proclamation granting said pardon to said Virgil Bounds, was expressly conditioned that the failure of Bounds to comply with the conditions under which it was granted, would give the Governor the right to revoke the pardon and order Bounds confined in the penitentiary until the end of his sentence. The substance of the language used in said proclamation, clearly shows that "until the end of the sentence" means the time remaining to the end of his four-year sentence, calculated from the time of Bounds' acceptance of the conditional pardon.

If the Governor, upon the recommendation of the Board of Pardons & Paroles, had intended that the time during which Bounds was out on his conditional pardon should be credited on his four-year sentence, it is obvious that such intention would have been expressed in clear language in the proclamation and not left to be implied from language, which we think clearly shows, and, which has been held by the authorities to show a directly opposite intention. It must be presumed that the Governor in his proclamation will use that language which will most clearly show his intention.

Since, therefore, the second point in said opinion (holding that under the language of the proclamations in his case, and from the other facts submitted to us in his case, he was not entitled to receive as a credit on his four-year sentence the one year, one month and sixteen days he was at large

Honorable Walter C. Strong, Page 5

on his conditional pardon) is based on those specific facts in the Bounds case and the language used in the proclamations mentioned, it is obvious that said opinion does not pass on the general question of whether the time on an inmate's sentence ceases to run from the date he is released from prison on clemency.

You are therefore respectfully advised that:

First: Our Opinion No. 0-3648 does not hold and, therefore, should not be construed as holding, that the time on an inmate's sentence ceases to run from the date he is released from prison on clemency. That general question was not before us.

It should further be noted that the facts, as stated in said opinion, specifically show that the conditions of the pardon were violated by Bounds prior to the expiration of four years from the date when he was sentenced to serve a four-year term.

Second: Said opinion does not hold and, therefore, should not be construed as holding or passing upon the question of whether a conditional pardonee, who violated his conditional pardon after the expiration of the term for which he was sentenced, where the conditional pardon contains a provision that if he violates the conditions, he shall serve the unexpired term of his sentence, could be compelled to serve out, in the penitentiary, such unexpired term. (Such a fact situation is different from that involved in said opinion, where Bounds violated his conditions before the expiration of four years from the date he was sentenced to a four-year term).

Since under the facts upon which our opinion No. 0-3648 is based, the clemency granted to Bounds was a conditional pardon (so named in the proclamation and so construed by us from the language used in the proclamation) granted under the authority conferred by Article 4, Section 11 of the Constitution of Texas, adopted November 3, 1936, the elements of a statutory parole are not involved in said opinion.

Third: Said opinion, therefore, does not pass on, and consequently should not be construed as passing on, the

Honorable Walter C. Strong, Page 6

following questions:  (a) Whether the parole statutes are still operative in Texas, since the creation of the present Board of Pardons and Paroles under Article 4, Section 11, of the Constitution of Texas, adopted November 3, 1936.  (b) The status of a prisoner now outside of the penitentiary on a statutory parole.

Trusting that the above fully answers your inquiry, we are

APPROVED OCT 17, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Edgar Pfeil
Assistant

EP:ej



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN